UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CAYUGA INDIAN NATION OF NEW YORK, | **ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM** |
| Plaintiff, | |
| -vs- | Civil Action No. 11-cv-6004 (CJS) |
| SENECA COUNTY, NEW YORK, | |
| Defendant. | |

_____

Defendant, Seneca County, New York, by and through its attorneys, Bond Schoeneck & King, PLLC, for its Answer to plaintiff's Amended Complaint, states as follows:

1.  With regard to the allegations contained in paragraph 1 of the Amended Complaint, defendant denies that its "efforts" to foreclose on lands owned by the plaintiff in Seneca County due to unpaid property taxes violate federal and/or state law and denies the remaining allegations of said paragraph to the extent a response is required.

2.  With regard to the allegations contained in paragraphs 2, 3, 4, 5, 6, 10, 11, and 15 of the Amended Complaint, said allegations constitute legal conclusions to which no response is required.

3.  The allegations contained in paragraphs 7, 8, 9, 17, and 20 of the Amended Complaint contain legal conclusions to which no response is required. To the extent responses to these allegations are required, defendant denies the allegations contained in paragraph 7, 8, 9, 17, and 20 of the Amended Complaint.

2544566.3

4. With regard to the allegations contained in paragraph 12 of the Amended Complaint, defendant admits that it has sought to collect property taxes on the five properties identified by tax identification number in paragraph 7 of the Amended Complaint (the "Subject Properties"), that plaintiff has refused to pay said taxes for these properties, that defendant commenced foreclosure proceedings against the Subject Properties, refers to the attached Tax Enforcement Notification and Petition and Notice of Foreclosure for their true and correct content, and otherwise denies the allegations of said paragraph.

5. With regard to the allegations contained in paragraph 13 of the Amended Complaint, defendant repeats and realleges its responses to paragraphs 1 through 12 as if fully set forth herein at length.

6. With regard to the allegations contained in paragraph 14 of the Amended Complaint, defendant refers to the Treaty of Canandaigua for its true and correct content, denies these allegations to the extent they are inconsistent with said treaty, and otherwise denies the allegations of said paragraph.

7. With regard to the allegations contained in paragraph 16 of the Amended Complaint, defendant refers to the Non-Intercourse Act for its true and correct content, denies these allegations to the extent they are inconsistent with said law, and otherwise denies the allegations of said paragraph.

8. Denies the allegations contained in paragraphs 18, 19, 22, and 23 of the Amended Complaint.

9. With regard to the allegations contained in paragraph 21 of the Amended Complaint, defendant refers to New York Real Property Tax Law §454 and New York

Indian Law §6 for their true and correct content, denies this allegation to the extent the allegations are inconsistent with said laws and denies that said laws prohibit defendant's actions.

10. The Prayer for Relief contains legal conclusions to which no response is required.

**FIRST AFFIRMATIVE DEFENSE**

11. Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

12. The Court lacks jurisdiction over the subject matter of this action.

**THIRD AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred by the doctrines of acquiescence, impossibility, waiver, estoppel, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

14. Defendant has a right to both levy and enforce real property taxes against properties owned by the plaintiff in Seneca County, New York.

**FIFTH AFFIRMATIVE DEFENSE**

15. Plaintiff's alleged sovereign immunity does not bar the *in rem* proceedings brought by defendant against the subject properties.

**SIXTH AFFIRMATIVE DEFENSE**

16. The subject properties do not hold Indian reservation status nor are they Indian Country as defined by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

17. The Non-Intercourse Act, 25 U.S.C. § 177, does not apply to the subject properties that were recently purchased by plaintiff from non-Indians via open-market transactions.

## EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff does not have sovereign authority over the subject properties.

## NINTH AFFIRMATIVE DEFENSE

19. The United States knew of all of the alleged transfers of land and approved, consented to, encouraged, or ratified them.

## TENTH AFFIRMATIVE DEFENSE

20. Plaintiff lacks standing to bring this action.

## ELEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by res judicata and collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

22. Federal law preempts the definition of "Indian reservation" for purposes of NY Real Property Tax Law § 454 and NY Indian Law § 6.

## THIRTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, by the Anti-Injunction Act, 28 U.S.C. § 2283.

## COUNTERCLAIM

Defendant, Seneca County, New York, as and for a Counterclaim, alleges as follows:

### Nature of the Action

24.     This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

25.     The relief sought is a declaration stating that the Subject Properties are not now an Indian reservation for purposes of New York Real Property Tax Law § 454 or Indian Law § 6 or Indian country for purposes of 18 U.S.C. § 1151.

### Jurisdiction and Venue

26.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 2201.

27.     Venue is proper based on 28 U.S.C. § 1391(b).

### Parties

28.     Seneca County is a county located within the State of New York.

29.     The Cayuga Indian Nation of New York (the "Nation") is included on a list of "Indian Entities Recognized and Eligible to Receive Services from the United State Bureau of Indian Affairs." The Nation's principal office is located in Seneca Falls, New York.

### Facts

30.     The Nation concluded a treaty with the State of New York on or about February 25, 1789, under which the Nation ceded all of its lands to New York, except for 64,015 acres of land that constituted the Nation's "Original Reservation."

31.     The Subject Properties are located within the "Original Reservation."

2544566.3

32. On or about July 27, 1795, the Nation entered into a treaty with the State of New York under which New York acquired the entire "Original Reservation," except for a three-square-mile parcel.

33. In 1807, the State of New York purchased the remaining three-square-mile parcel in the "Original Reservation" from the Nation.

34. The Treaty of Buffalo Creek of 1838 was ratified by the Senate and proclaimed by the President of the United States.

35. The Treaty of Buffalo Creek of 1838 disestablished any Nation reservation in New York.

36. As a result of the foregoing, any and all right, title, and interest of the Nation to the "Original Reservation" had lawfully extinguished and the State of New York held full title to these lands.

37. Thereafter, the State of New York sold, transferred, or otherwise ceded the land that had been in the "Original Reservation" to private successors in interest.

38. It was not until 2003 that the Nation began purchasing parcels of real property in what had been the "Original Reservation," including the Subject Properties, which were purchased by the Nation on June 21, 2007 and December 21, 2007.

39. The subsequent history and treatment of the land located within what had been the "Original Reservation" demonstrate and confirm that the former Nation reservation was disestablished long ago.

40. No lands in Seneca County are under the jurisdiction of the United States Bureau of Indian Affairs.

2544566.3

41. The State of New York and Seneca County have implemented and maintained a detailed system of property recordation, regulation, and taxation over the lands that are the subject of this action.

42. Despite having recently purchased the Subject Properties on the open market, the Nation refuses to pay the real property taxes for these properties.

43. There is a present controversy over whether the Nation's reservation has been disestablished.

**WHEREFORE**, defendant Seneca County, New York requests judgment dismissing plaintiff's Amended Complaint with prejudice in its entirety and, on the Counterclaim, declaring that the former Nation reservation has been disestablished as to the subject lands and that the lands that were formerly the "Original Reservation" are neither "Indian country" nor part of an "Indian reservation," together with such other and further relief as is just and proper.

Dated: August 31, 2015

BOND, SCHOENECK & KING, PLLC

By:     s/ Brian Laudadio
Brian Laudadio, Esq.
Louis P. DiLorenzo, Esq.
Mary P. Moore, Esq.
350 Linden Oaks, Suite 310
Rochester, New York 14625
(585) 362-4700
E-mail: blaudadio@bsk.com

*Attorneys for Defendant*