# FRENCH-ALCOTT, PLLC
## ATTORNEYS AT LAW

Daniel J. French
dfrench@frenchalcott.com

Lee Alcott
lalcott@frenchalcott.com

June 15, 2016

**Via ECF**

The Honorable Charles J. Siragusa
United States District Judge
U.S. District Court for the Western District of New York
1360 U.S. Courthouse
100 State Street
Rochester, New York 14614

  Re: <u>Cayuga Indian Nation of New York v. Seneca County, No. 11-cv-6004-CJS</u>

Dear Judge Siragusa:

  On behalf of plaintiff the Cayuga Nation ("Nation") I write to advise the Court of the Supreme Court's recent decision in *Nebraska v. Parker*, 136 S. Ct. 1072 (2016), which is relevant to the Nation's motion to dismiss defendant Seneca County's counterclaim that the Nation's historic reservation has been disestablished. ECF Nos. 39, 40, 41. *Parker* supports the Nation's argument that binding precedent forecloses Seneca County's counterclaim.

  In *Parker*, the State of Nebraska claimed that the Omaha Tribe's reservation had been partially disestablished. In support of that argument, the State relied substantially on the "demographic history of [the] lands"—in particular, that "the Tribe was almost entirely absent from the disputed territory for more than 120 years," and that as a result, recognizing the reservation's continued existence would "upset[] the justifiable expectations of the almost exclusively non-Indian settlers who live on the land." *Parker*, 136 S. Ct. at 1081-82. The Supreme Court, however, rejected these arguments as a basis for finding diminishment. Instead, it reaffirmed that "[o]nly Congress has the power to diminish a reservation." *Id.* at 1082. And Congress's "intent to do so must be clear," as manifested in a "clear textual signal that Congress intended to diminish the reservation." *Id.* at 1079-80. Indeed, the Court observed that it has "never relied solely on" an area's "subsequent demographic history" to "find diminishment," and that residents' "expectations alone . . . cannot diminish reservation boundaries." *Id.* at 1082-83.

  *Parker* reinforces why precedent forecloses Seneca County's disestablishment counterclaim. Seneca County contends that the "subsequent history" of the Nation's reservation, including the Nation's lengthy absence, "demonstrate[s] . . . that the . . . Nation reservation was disestablished." It also claims that recognizing the reservation's continued existence would disrupt the systems that the "State of New York and Seneca County have implemented and maintained" in the interim. ECF No. 37 ¶¶ 38-39, 41-42. But as *Parker* makes clear, such assertions are grossly insufficient to show disestablishment, which Congress alone can

effectuate. Congress has never taken any action to diminish the Nation's reservation—which is why the New York Court of Appeals and every federal court to consider the question have concluded that the Nation's reservation remains intact, and why the Second Circuit has squarely held that the Oneida Nation's materially identical reservation also continues undiminished. ECF No. 39-1 at 13-17; ECF No. 41 at 8-10.

For these reasons, as well as those discussed in the Nation's prior memoranda, the Court should dismiss Seneca County's counterclaim.

Respectfully submitted,

Lee Alcott

LA:tld

12178784.1