

350 Linden Oaks, Suite 310 | Rochester, NY 14625-2825 | bsk.com

BRIAN LAUDADIO, ESQ.
blaudadio@bsk.com
P: 585-362-4714
F: 585-362-4754

June 16, 2016

**VIA ECF**

Hon. Charles J. Siragusa
United States District Judge
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

    Re:    *Cayuga Indian Nation of New York v. Seneca County*
              11-cv-6004CJS

Dear Judge Siragusa:

    I write in response to the June 15, 2016 letter submitted by plaintiff regarding the Supreme Court's decision in *Nebraska v. Parker*, 136 S. Ct. 1072 (2016). *Parker* not only fails to lend support to plaintiff's motion to dismiss, but confirms that disposing of defendant's counterclaim on a motion to dismiss would be inappropriate. *Parker* was decided on a summary judgment motion – not a motion to dismiss – and only after relevant facts that guided the outcome were developed and assessed.

    The issue in *Parker* was whether two municipal entities in Nebraska are located within the boundaries of the Omaha Indian Reservation or whether the passage of an 1882 Act by Congress which empowered the United States Secretary of the Interior to sell the Tribe's land in a certain area "diminished" the reservations boundaries. Guided by the principles enunciated by the Supreme Court in *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 351 (1998), the Eighth Circuit held that the historical facts regarding the sale were important to its determination affirming summary judgment to the Tribal representatives:

> As the district court also highlighted, the historical facts in this action are undisputed and all are relevant to the instant analysis in varying degrees because in this case, while the touchstone of our determination is the congressional purpose expressed through relevant statutory language, we also consider the historical context surrounding the passage of the act(s) at issue, and, to a lesser extent, the subsequent treatment of the area in question and pattern of settlement there.

*Nebraska v. Parker*, 774 F.3d 1166, 1168 (8th Cir. 2014). Likewise, in deciding whether the 1882 Act "diminished" the reservation's boundaries, the Supreme Court analyzed (1) the text of the 1882 Act, (2) the history surrounding its passage and, (3) the subsequent demographic history of opened lands together with the federal government's treatment of those lands.

Much like plaintiff's reliance *Oneida Indian Nation of N.Y. v. City of Sherrill*, 337 F.3d 139 (2d Cir. 2003), its reliance on *Parker* is misplaced because, as explained in defendants' memorandum of law at p. 15 (ECF No. 40), there are factual issues and legal arguments unique to the Cayuga Indian Nation. Simply put, factual and legal determinations regarding the Omaha Tribe and 1882 Act do not control the outcome of the present dispute. And, any analysis of facts particular to the Cayuga lands, without the benefit of a fully developed factual record, is inappropriate at this stage of the litigation.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Brian Laudadio

BL/BL

cc: Lee Alcott, Esq. (via ECF)

2710186.1