

350 Linden Oaks, Third Floor | Rochester, NY 14625-2825 | bsk.com

BRIAN LAUDADIO, ESQ.
blaudadio@bsk.com
P: 585.362.4714
F: 585.362.4754

June 1, 2018

**VIA E-FILING**

Honorable Charles J. Siragusa
United States District Court Judge
Western District of New York
1360 U.S. Courthouse
100 State Street
Rochester, NY  14614

Re:   *Cayuga Indian Nation of New York v. Seneca County, New York*
      Case No. 6:11-cv-06004-CJS

Dear Judge Siragusa:

This office represents Defendant Seneca County, New York in the above referenced matter, and I submit this letter to advise the Court of the Supreme Court's recent decision in *Upper Skagit Indian Tribe v. Lundgren*. A copy of the Supreme Court's May 21, 2018 decision is enclosed herewith, which is relevant to the cross-motions for summary judgment currently pending before the Court.

The Supreme Court clarified that its prior decision in *County of Yakima v. Confederated Tribes and Bands of Yakima Nation*, 502 U.S. 251 (1992), which served as the basis for the Washington Supreme Court's decision that was on appeal, does not address the application of tribal sovereign immunity to an *in rem* proceeding involving land owned by an Indian tribe. *See Upper Skagit Indian Tribe v. Lundgren*, Case No. 17-387, slip op. at 3. The appellees had abandoned reliance on *Yakima* and instead sought affirmance of the Washington Supreme Court's judgment on the "entirely distinct alternative ground" of the immovable property exception to sovereign immunity, *i.e.* arguing that tribal sovereign immunity did not bar the *in rem* proceeding at issue because the suit related to immovable property located in the State of Washington that the tribe purchased as a private individual. *Id.* at 5. But because this alternative ground for affirmance only emerged late in the case, the Court declined to consider it and instead remanded the case to the Washington Supreme Court to address the argument in the first instance. *Id.* at 6.

Justices Roberts and Kennedy concurred with the majority's decision remanding the case, and further noted that it is a settled rule of international law and the sovereign immunity of States that a foreign or State sovereign owning property outside of its sovereign territory is to be treated just like a private individual. *Id.*, slip op. at 2

Honorable Charles J. Siragusa
June 1, 2018
Page 2

(Roberts, J., concurring). The concurring opinion suggests that even if the immovable property exception did not apply to Indian tribes, there would still be a question, under the Supreme Court's *Michigan v. Bay Mills Indian Community* decision, as to whether sovereign immunity applies where a plaintiff chose not to deal with the tribe and has no alternative means to obtain relief. *Id.* at 3.

Justices Thomas and Alito dissented, stating that the Court should have addressed the application of the immovable property exception to tribal sovereigns, as the issue "was extensively briefed and argued," rather than remanding the case. *Id.*, slip op. at 1-2 (Thomas, J., dissenting). The dissent thoroughly explains the "settled, longstanding" immovable property exception, which "has been hornbook law almost as long as there have been hornbooks." *Id.* at 1, 3-9. It further states that the exception applies equally to Indian tribes because they possess "'the common law immunity from suit traditionally enjoyed by sovereign powers,'" *id.* at 10 (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)), and the Supreme Court has recently "declined an invitation to make tribal immunity 'broader than the protection offered by state or federal sovereign immunity,'" *id.* at 10 (quoting *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017)).

Relying on the immovable property exception, Seneca County has argued before this Court that tribal sovereign immunity does not extend to the *in rem* tax foreclosure proceedings at issue here given that they involve land owned by the Cayuga Indian Nation like any private individual within the State's sovereign territory. While the Supreme Court declined to address this issue in *Upper Skagit Indian Tribe* (at least at this time) given the procedural context in which that argument arose, the decision nonetheless demonstrates that the question of whether this well-recognized exception to sovereign immunity applies to a dispute concerning land owned by an Indian tribe within a State's sovereign territory has not previously been addressed by the Supreme Court. Nor has the immoveable property exception been specially addressed by this Court or the Second Circuit. Moreover, the precedent cited in the majority, concurring, and dissenting opinions demonstrates that the immovable property exception does and should apply to disputes involving land owned by an Indian tribe within a State's sovereign territory.

Thank you in advance for Your consideration.

Respectfully submitted,

Brian Laudadio

BL/mpm
Enclosure

3159561.1

Honorable Charles J. Siragusa
June 1, 2018
Page 3

cc:     All Counsel of Record (via CM/ECF email notification)