UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CAYUGA INDIAN NATION OF NEW YORK,

                                  Plaintiff,
      -v-                                                DECISION AND ORDER

SENECA COUNTY, NEW YORK,                       11-CV-6004 CJS
                                Defendant.

_____

APPEARANCES

For Plaintiff:                     Lee Alcott, Esq.
                                  Barclay Damon, LLP
                                  Barclay Damon Tower
                                  125 East Jefferson Street
                                  Syracuse, New York 13202

                                  David W. DeBruin, Esq.
                                  Zachary C. Schauf
                                  Jenner & Block, LLP
                                  1099 New York Avenue, NW
                                  Washington, D.C. 20001

For Defendant:                 Brian Laudadio, Esq.
                                  Bond Schoeneck & King PLLC
                                  350 Linden Oaks, 3rd Floor
                                  Rochester, New York 14625

INTRODUCTION

     This action challenges Seneca County's ability to impose and collect *ad valorem* property taxes on parcels of real estate owned by the Cayuga Indian Nation of New York. The Cayuga Nation contends both that Seneca County cannot impose the property taxes, because the

subject properties are "located within an Indian reservation,"[1] and cannot sue to collect the taxes, because the Cayuga Indian Nation enjoys sovereign immunity from suit. Now before the Court are the parties' cross-motions for summary judgment. (Docket Nos. [#55][#60]). On the basis of tribal sovereign immunity from suit, Plaintiff's application is granted and Defendant's application is denied.

## BACKGROUND

The reader is presumed to be familiar with the Court's earlier written decisions in this action which discussed the facts, procedural history and relevant law in detail. (*See*, Docket Nos. [#23][#44][#50]). It is sufficient here to note that in recent years the Cayuga Nation purchased at least five parcels of land in Seneca County. Seneca County imposed property taxes on the Cayuga-owned properties which the Cayuga Nation refused to pay. Thereafter, Seneca County initiated tax foreclosure proceedings against the Cayuga Nation.

In response to those foreclosure lawsuits, the Cayuga Nation commenced this lawsuit. The Cayugas' Amended Complaint purports to assert two causes of action. The first cause of action alleges that the County's attempts to foreclose on the Cayugas' properties violate federal law, and specifically, the Treaty of Canandaigua, the U.S. Constitution Article I, 8, and the "Non-Intercourse Act," 25 U.S.C. 177. On this point, the Cayugas' pleading alleges that any properties which the Cayugas own in Seneca County are within the geographic boundary of the 64,000-acre Cayuga Indian Reservation that was "acknowledged [by the United States of America] in the Treaty of Canandaigua, November 11, 1794."[2] The Amended Complaint contends that while the Cayuga Nation purportedly sold all of that 64,000-acre reservation to the

---

[1] Amended Complaint [#9] at 1.
[2] Amended Complaint [#9] at 7.

State of New York, such sales were *void ab initio* since they were never approved by Congress as required by the Non-Intercourse Act.[3] Consequently, the pleading asserts, "the Nation's 64,000-acre reservation continues to exist to this day," and the subject properties are "'Indian Country' within the meaning of 18 U.S.C. § 1151."[4] Alternatively, the Cayugas contend that regardless of the reservation status of the subject land, the Cayuga Nation possesses "tribal sovereign immunity, which bars administrative and judicial proceedings against the Nation and bars Seneca County from taking any assets of the Nation."[5]

In sum, the Cayugas' first cause of action is twofold: 1) the subject properties are part of the federally-recognized Cayuga Indian Reservation, and the County therefore cannot foreclose on the properties, because it lacks the authority to interfere with the ownership or possession of federal Indian reservation lands; and 2) the "Cayuga Indian Nation of New York" is a "sovereign Indian nation," which is protected from foreclosure lawsuits by the federal doctrine of sovereign immunity from suit.[6]

The Cayugas' second cause of action alleges that Seneca County violated two New York statutes -- New York State Property Tax Law § 454 and New York Indian Law § 6 -- by assessing property taxes on their properties. On this point, the pleading contends that both statutes forbid the imposition of taxes on "Indian reservation" lands. *See*, Amended Complaint [#9] at ¶¶ 21-22 ("New York [Real Property Tax Law § 454] provides that 'real property in any Indian

---

[3] *See*, Amended Complaint [#9] at ¶ 9 ("All of those transactions and transfers were in violation of federal law and were *void ab initio*, and the Nation never lost its aboriginal title[.]").

[4] Amended Complaint [#9] at ¶ 8. 18 U.S.C. § 1151 defines "indian country," in pertinent part, as "all land within the limits of any Indian reservation under the jurisdiction of the United States Government."

[5] Amended Complaint [#9] at ¶ 17.

[6] Amended Complaint [#9] at ¶ 20; *see also, id.* at ¶ 18(d) (referring to "the Nation's sovereign immunity, which derives from Article I, Section 8 of the United States Constitution and from federal common law[.]").

reservation owned by the Indian nation, tribe or band occupying them shall be exempt from taxation[, while] New York Indian Law 6 directs that no taxes shall be established upon Indian Reservation lands. . . . Pursuant to the aforesaid provision[ ] of state law, taxes should not have been assessed against the Nation-owned properties[.]").

As for relief, the Cayugas' pleading seeks two types. First, the Amended Complaint seeks a declaration that the County cannot foreclose on, or otherwise "acquire, convey, sell or transfer title" to, "Nation-owned properties" within Seneca County. Second, the Amended Complaint seeks an injunction, prohibiting the County from making "any further efforts" to foreclose on, acquire, convey or otherwise sell "Nation-owned properties in Seneca County;" prohibiting the County from "interfering in any way with the Nation's ownership, possession, and occupancy of such lands;" and requiring the County to "rescind all acts taken to acquire, convey, foreclose, sell or transfer title to Nation-owned properties within Seneca County to date."

When the Cayugas commenced this action, they also filed a motion for preliminary injunctive relief barring Seneca County from proceeding with pending foreclosure actions affecting the five parcels identified in the Amended Complaint, on the basis of sovereign immunity. On August 20, 2012, the Court granted such preliminary injunctive relief. *Cayuga Indian Nation of New York v. Seneca County, New York*, 890 F.Supp.2d 240 (W.D.N.Y. 2012).

Seneca County appealed, but on July 31, 2014, the United States Court of Appeals for the Second Circuit affirmed this Court's ruling, agreeing that the Cayuga Nation has sovereign immunity from suit. *Cayuga Indian Nation of New York v. Seneca County, New York*, 761 F.3d 218 (2d Cir. 2014). In reliance upon the Supreme Court's decision in *Michigan v. Bay Mills Indian Community*, 572 U.S. 782,134 S.Ct. 2024 (2014), the Second Circuit declined to carve out an exception to the Cayuga Nation's sovereign immunity from suit for *in rem* foreclosure

proceedings. Further, the Second Circuit declined to "read [an] implied abrogation of tribal sovereign immunity from suit" into the Supreme Court's decisions in City of *Sherrill, N.Y. v. Oneida Indian Nation of N.Y.*, 544 U.S. 197, 125 S.Ct. 1478 (2005) and *County of Yakima v. Confederated Tribes & Bands of the Yakima Indian Nation*, 502 U.S. 251 (1992) , stating that "[s]uch implied abrogation would be clearly at odds with the Supreme Court's solicitous treatment of the common-law tribal immunity from suit—as opposed to immunity from other, largely prescriptive, powers of the states such as the levying of taxes," and that "implied abrogation would also run counter to the principle that we must 'defer' to Congress about whether to abrogate tribal sovereign immunity." *Cayuga Indian Nation of N.Y.*, 761 F.3d at 221 (citations and internal quotation marks omitted).

The Cayuga Nation has now moved for summary judgment, seeking a declaratory judgment and permanent injunctive relief as to both causes of action. However, the Cayuga Nation stresses that the Court may grant its motion based entirely on sovereign immunity from suit and not reach the merits of its other claims.[7]

Seneca County has cross-moved for summary judgment on various grounds including some which this Court and the Second Circuit have already considered and rejected. The Court understands, however, that Seneca County is asserting these arguments partly in order to make a record for the appeal that will surely ensue following this Court's ruling. In particular, Seneca County maintains that the Cayuga Nation is not entitled to sovereign immunity from suit in this

---

[7] *See,* Pl. Memo of Law [#58] at p. 2 ("But the Court need not ultimately address [the alternative grounds]: because the Nation is entitled to full relief on its claim of sovereign immunity from suit, the Court may dismiss its other claims without prejudice, on grounds of mootness."); *see also, id.* at p. 8 ("[T]he Nation's sovereign immunity from suit entitles the Nation to summary judgment (in the form of declaratory and injunctive relief) that the County may not pursue foreclosure proceedings as to the Nation-owned properties. That is the full scope of relief that the Nation seeks here. Thus, if the Court grants summary judgment on the basis of sovereign immunity from suit, the Court may dismiss as moot, without prejudice, the Nation's remaining claims.").

[5]

action, and that the County is entitled to summary judgment on the Nation's claims for the following reasons: 1) Supreme Court precedent including *City of Sherrill* and *County of Yakima* "affirm[s] that State and local taxing authorities may impose and collect real property taxes on non-sovereign properties owned in fee title by Indian tribes"; 2) the Supreme Court's jurisprudence concerning tribal sovereign immunity from suit does not apply to *in rem* foreclosure proceedings;[8] 3) according to *City of Sherill* the Cayuga Nation's claim under the Nonintercourse Act is barred by laches; 4) the Nonintercourse Act does not apply to fee-titled lands over which the Nation cannot exercise sovereign authority; 5) the Court should deny the Cayuga Nation's request for an injunction under the Anti-Injunction Act; 6) the Cayuga Nation has abandoned its claim under 42 U.S.C. § 1983; 7) the Cayuga Nation's properties are not exempt from taxation under New York law because the relevant statutes [New York Real Property Tax Law § 454 and New York Indian Law § 6] "do not apply to fee-titled lands over which the tribe is no longer sovereign"; 8) the Cayuga Nation should be estopped from claiming that Seneca County cannot impose property taxes on the subject parcels since it pays taxes on other properties that it owns in Seneca County; (9 the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims; and 10) even if the Court reaches the state-law claims the County is entitled to summary judgment as a matter of state law.

On March 2, 2018, the Cayuga Nation filed a reply [#62] addressing the County's arguments. With regard to the argument concerning the Anti-Injunction Act, the Nation contends that the County waived the argument by failing to raise it when opposing the Nation's motion for

---

[8] *See, e.g.*, Def. Memo of Law [#60-2] at p. 21 ("[P]rinciples of foreign sovereign immunity and State sovereign immunity [including the so-called "immovable property exception"] support the conclusion that Seneca County may bring foreclosure proceedings against Cayuga Nation-owned properties within the County's jurisdiction. This is all the more true considering that Indian tribes actually retain less immunity than that of foreign sovereigns or the States.").

a preliminary injunction seven years ago.

On April 20, 2018, the County filed a reply [#67] in further support of its cross-motion for summary judgment, which reiterates most of its earlier points but withdraws the argument involving the Anti-Injunction Act.[9] On December 6, 2018, counsel for the parties appeared before the undersigned for oral argument.

## DISCUSSION

Plaintiff has moved, and Defendant has cross-moved, for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence

---

[9] *See*, Sur-Reply [#67] at p. 12, n. 3.

[7]

sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

Having considered all of the parties' arguments the Court finds for essentially the same reasons stated in its Decision and Order [#23] granting the preliminary injunction and in the Second Circuit's decision affirming that ruling, which have not changed, that the Cayuga Nation is entitled to summary judgment on its claims seeking declaratory and permanent injunctive relief based upon tribal sovereign immunity from suit. Since the Court finds that the Cayuga Nation is entitled to summary judgment on that basis it does not reach the remaining aspects of the Nation's summary judgment motion.

CONCLUSION

Plaintiff's application [#55] for summary judgment is granted insofar as it is based upon tribal sovereign immunity from suit and is otherwise denied.

Seneca County may not foreclose on, acquire, convey, sell or transfer title to the Nation-owned properties in Seneca County based on the Tax Enforcement Notification and Petition annexed to the Amended Complaint, and all efforts of Seneca County to do so and to thereby interfere with the Nation's ownership, possession and occupancy of such lands are null and void. Seneca County, its officers, agents, servants, employees and persons in active concert or participation with them are permanently enjoined from any further efforts to effectuate, maintain

or complete foreclosure, acquisition, conveyance or sale of, or transfer of title to, Nation-owned properties in Seneca County, and from interfering with the Nation's ownership, possession, and occupancy of such lands due to unpaid property taxes. Seneca County, its officers, agents, servants, employees and persons in active concert or participation with them shall void and rescind all acts taken to acquire, convey, foreclose, sell or transfer title to Nation-owned properties within Seneca County, including those listed in the Tax Enforcement Notification and Petition and Notice of Foreclosure annexed to the Amended Complaint.

Plaintiff's claims that are not based on tribal sovereign immunity from suit are dismissed without prejudice. Defendant's cross motion for summary judgment [#60] is denied. The Clerk is directed to close the case.

SO ORDERED.

Dated: Rochester, New York
December 11, 2018

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge